


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA

v. Case No. 3:14CR120

MOHAMED MOHAMED,

Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION TO SEAL PROCEEDINGS (Docket Nos. 51 & 52), DEFENDANT'S MOTION TO SEAL DOCUMENT (Docket Nos. 63 & 64) pertaining to DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INFORMATION FAVORABLE TO DEFENDANT AT SENTENCING (Docket No. 28), UNITED STATES' MOTION TO SEAL MOTION TO QUASH SUBPOENA (Docket No. 65), and DEFENDANT'S MOTION TO SEAL DOCUMENT (Docket Nos. 76 & 77) pertaining to DEFENDANT'S MOTION FOR VARIANCE SENTENCING AND POSITION ON SENTENCING (Docket Nos. 47 & 48). For the reasons set forth herein, the motions will be GRANTED.[1]

**BACKGROUND**

Defendant Mohamed Seid Ahmed Mohamed ("Defendant") pleaded guilty on September 3, 2014 to conspiring to commit wire fraud

[1] BH Media Group Holdings, Inc. has invited the Court to determine whether the Constitution requires revision to this Court's Local Rules and/or this Court's docketing policies and procedures. (Memo. ISO Opp. to Sealing Motions, Docket No. 78, at 10-12.) The Court will take this issue under *further* advisement.

and to traffic in contraband cigarettes. Between June 2011 and January 2014, the Defendant and his co-conspirators purchased almost $20 million of Virginia-stamped cigarettes and sold those cigarettes to traffickers who transported the cigarettes to jurisdictions outside of Virginia to be sold as contraband cigarettes. As a result, the Defendant cheated the Commonwealth of Virginia out of over $1 million in sales tax revenue.

The Defendant awaits sentencing, which has been continued until the motions regarding sealing and witness production have been resolved. A motion to compel production of information favorable to the Defendant was filed and denied. The Defendant subsequently asked the Court for the issuance of a subpoena to FBI Agent Katie Land to appear at the Defendant's sentencing hearing. The Government filed a motion, under seal, to quash the subpoena, and the Defendant responded and Counsel appeared on December 8, 2014 to argue the motion. At that time, the Defendant asked the Court to close and seal the proceedings. The Court asked if any members of the public objected to the closure and a reporter for the Richmond Times-Dispatch (the "Newspaper") so objected. The Court ordered briefing of the issue, and the parties appeared for a hearing on December 16, 2014 at which time the Court ordered further briefing regarding the sealing of previously filed documents. This Memorandum

Opinion addresses all outstanding sealing motions, which will be granted by Order of the Court.

**DISCUSSION**

In the Fourth Circuit, when a district court is presented with a request to seal judicial records or documents, the court first "must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotations omitted). The court must give the public notice of the request to seal and a reasonable opportunity to challenge the request, weigh the interests under the appropriate standard of review, and consider less drastic alternatives to sealing. Id. If the court decides to seal it must state the reasons for its decision and the reasons for rejecting alternatives to sealing. Id.

"[S]entencing hearings arguably fall within the scope of the right of access to criminal *trials*, which is clearly guaranteed by Richmond Newspapers and Globe Newspaper Co." In re Washington Post Co., 807 F.2d 383, 389 (4th Cir. 1986). This First Amendment right of access extends to documents filed in connection with sentencing hearings in criminal cases. Id. at 390. For the same reasons discussed by the Fourth Circuit in In re Washington Post, the Court also believes that the right of

access to any hearings pertaining to those filings should receive First Amendment protection.

The Defendant and the Government have moved to seal portions of several documents and the Defendant has requested that the hearing on the Government's motion to quash be held in closed court. Because all of these requests ultimately relate to the Defendant's sentencing hearing and are grounded upon the same facts and legal arguments, the Court will subject each to strict scrutiny and will address the filings collectively. First, the Court must ensure that the public has received adequate notice of and opportunity to object to the sealing motions. In re Knight Pub. Co., 743 F.2d 231, 234 (4th Cir. 1984). Second, the sealing or closure requested must be essential to protect a compelling interest and the extent of the sealing or closure must be narrowly tailored to serve that interest. In re Washington Post, 807 F.2d at 390. In other words, the party seeking to seal must show: (1) that sealing serves a compelling interest; (2) that there is a "substantial probability" that, in the absence of sealing, the compelling interest would be harmed; and (3) that there are no alternatives to closure that would adequately protect that compelling interest. Id. at 392. Lastly, if the Court grants the motion to seal, it must state its reasons for sealing on the record along with its findings concerning the interests at stake, the

applicable constitutional principles, and the alternatives that were considered and why these alternatives were rejected. Id. at 391. If the Court concludes that a denial of public access is warranted, the Court may file its statement of the reasons for its decision under seal. Id.

**I. Public Notice and Opportunity to Challenge**

Prior to sealing, "the district court must give the public adequate notice that the closure of a hearing or the sealing of documents may be ordered." Id. at 390. The Defendant's motion to seal proceedings was made in open court, and the Court provided notice to those present. See In re Knight, 743 F.2d at 234 ("When a closure motion is made in open court, persons present must be given notice and an opportunity to object before the public can be excluded."). Because the motion was contested, the Court ordered briefing and continued the hearing to a later date in order to provide an opportunity for members of the public to articulate any objections to closing the proceedings. A hearing on the motion was held, and the Newspaper objected to the motion to seal proceedings as well as the absence from the docket sheet of entries that would describe the motions that previously had been filed under seal without an accompanying motion to seal.[2] Because due process requires that motions to seal or close "be docketed reasonably in advance of

[2] These motions are now docketed as Docket Nos. 28-29, 31-33, 35, 45-48.

their disposition to give the public and press an opportunity to intervene and present their objections," id., the Court ordered the parties to publicly file redacted copies of their prior motions and to submit motions to seal these documents, and that those pleadings be noted on the docket. The Newspaper and the public have accordingly been notified of and provided an opportunity to challenge all outstanding motions to seal.

**II. Analysis of Interests**

Having determined that the First Amendment and strict scrutiny apply, the Court must ensure that the alleged interest is a compelling one and provide specific reasons supporting its decision to seal. Here, the interest is clearly of a compelling nature. Unfortunately, except to say that the interest pertains to sentencing and is one that is shared by the Government and the Defendant, the interest is also such that even describing it at the highest meaningful level of generality risks invoking the harm that the parties seek to avoid through sealing.



[3]

3

[redacted]

Based upon the briefing provided by the parties and the record, the Court finds that the Defendant's interests are compelling and there is a substantial probability that this interest would be harmed if the motions were unsealed. [redacted][4]

### III. Alternatives to Sealing

Lastly, the Court must consider alternatives to sealing and provide the reasons for rejecting those alternatives. Here, the Court has already employed some alternatives short of complete sealing in order to tailor the remedy as closely as possible to the relevant interest. The Court has required the parties to file redacted versions of the documents previously submitted under seal in order to disclose the nature of the motions and the broad outline of their legal reasoning. The Court will also unseal its prior order (Docket No. 37) and docket a redacted version of its memorandum opinion (Docket No. 60) resolving

---

4 [redacted]

Defendant's motion to compel (Docket Nos. 28 & 70). Finally, the Court will grant the Defendant's motion to hold closed proceedings (Docket Nos. 51 & 52) on the Government's motion to quash (Docket Nos. 45 & 67), but will make a redacted copy of the transcript available following the hearing so that only the portions of testimony necessary to protect the interest are withheld from the public.

Unfortunately, any less drastic alternatives do not adequately protect the interest at hand. [REDACTED]

The possibility of a timed release of the records is similarly problematic because, as the Government observed, one "cannot determine a time period after which the interest . . . will subside to the point that the public interest in the information will outweigh the interest in non-disclosure." (Docket No. 66, at 2-3.) Accordingly, the Court will maintain the records under seal until further order of the Court.

**CONCLUSION**

For the foregoing reasons, DEFENDANT'S MOTION TO SEAL PROCEEDINGS (Docket Nos. 51 & 52), DEFENDANT'S MOTION TO SEAL DOCUMENT (Docket Nos. 63 & 64), UNITED STATES' MOTION TO SEAL MOTION TO QUASH SUBPOENA (Docket No. 65), and DEFENDANT'S MOTION TO SEAL DOCUMENT (Docket Nos. 76 & 77) are GRANTED.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: January 14, 2015