

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Case No. 3:14CR120

MOHAMED MOHAMED,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INFORMATION FAVORABLE TO THE DEFENDANT AT SENTENCING (Docket No. 28) and DEFENDANT'S MOTION TO CONTINUE TRIAL DATE (Docket No. 32). For the reasons set forth below, the motions were denied on November 25, 2014 (Docket No. 37).

### BACKGROUND

Defendant Mohamed Seid Ahmed Mohamed ("Mohamed") pleaded guilty on September 3, 2014 to conspiring to commit wire fraud and to traffic in contraband cigarettes. Between June 2011 and January 2014, Mohamed and his co-conspirators purchased almost $20 million of Virginia-stamped cigarettes and sold those cigarettes to traffickers who transported the cigarettes to jurisdictions outside of Virginia to be sold as contraband cigarettes. As a result, Mohamed cheated the Commonwealth of Virginia out of over $1 million in sales tax revenue.

████████████████████████████████████

████████████████████████████████████

███████████████████████████████ In support of his sentencing position, Mohamed now moves the Court for access to FBI records ████████████████████████████████████ claiming that he is entitled to them under the Due Process Clause of the Fifth Amendment to the United States Constitution. ███████████████████████████

**DISCUSSION**

Under Brady v. Maryland, a prosecutor's failure to disclose evidence favorable to the accused "violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Thus, the Brady rule is applicable not only to the suppression of materials at trial, but during sentencing proceedings as well. Basden v. Lee, 290 F.3d 602, 610 (4th Cir. 2002). Although generally "discovery in criminal prosecutions is limited, and discovery in criminal sentencing more limited still," United States v. Neal, 611 F.3d 399, 401 (7th Cir. 2010) (internal citations omitted), this norm plainly submits to the command of the Constitution. To be entitled to evidence under the Due Process Clause and Brady, however, a defendant must show that the evidence is both material and unavailable to him. The evidence at issue here is neither.

2

## I. Materiality

By its own terms, Brady evidence must be "material . . . to punishment." Brady, 373 U.S. at 87. Undisclosed documents are material to punishment if they affect the defendant's sentence. See Basden, 290 F.3d at 611. ███████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
███████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████



## II. Knowledge

To constitute <u>Brady</u> evidence, the requested information must also be *unavailable* or *unknown* to the defendant. See <u>United States v. Catone</u>, 769 F.3d 866, 872 (4th Cir. 2014) ("[T]o establish a <u>Brady</u> violation, the exculpatory material must be known to the government but not to the defendant."); <u>United States v. Roane</u>, 378 F.3d 382, 402 (4th Cir. 2004) ("[I]nformation actually known by the defendant falls outside the ambit of the <u>Brady</u> rule."); <u>Fullwood v. Lee</u>, 290 F.3d 663, 686 (4th Cir. 2002) ("Certainly, then, information that is not merely available to the defendant but is actually known by the

defendant would fall outside of the <u>Brady</u> rule.").

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

████ Because this information is already known to Mohamed, however, it is not "unavailable" and he is not entitled to seek production of the underlying documents under <u>Brady</u>. ████

██████████████████████████████████████
██████████████████████████████████████
█████████████████████████
████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████



Without a more cabined request, Mohamed's motion must fail.

## CONCLUSION

For the foregoing reasons, DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INFORMATION FAVORABLE TO THE DEFENDANT AT SENTENCING (Docket No. 28) and DEFENDANT'S MOTION TO CONTINUE TRIAL DATE (Docket No. 32) are denied.

It is so ORDERED.

                                              /s/
                                     Robert E. Payne
                                     Senior United States District Judge

Date: December 15, 2014